IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MAGDALENA S. MALDONADO,

Plaintiff

v.                                                    CIVIL 08-2127 (JAG)

UNITED STATES OF AMERICA,

Defendant

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On October 2, 2008, plaintiff Magdalena S. Maldonado  filed this civil action against the United States seeking damages as the result of actions of deputy United States Marshals and/or their lawful representatives which occurred during the late hours of May 12, 2006.  (Docket No. 2, at 2, ¶ 3.)  She alleges that federal agents negligently and violently entered her home in search of suspect José L. Santana Parrilla.  (Docket No. 2, at 2, ¶ 4.)  She alleges that she was thrown against a wall upon opening the door, resulting in about a dozen agents entering her home.  (Docket No. 2, at 2, ¶ 8.)  They hit her, poked at her chest with nightsticks and menaced her.  (Docket No. 2, at 3, ¶ 9.)  She alleges that the Marshals did not have a warrant to arrest anyone at her house.  (Docket No. 2, at 3, ¶ 15.)[1]  She also alleges that the Marshals were negligently supervised and

_____

[1]I take judicial notice that an arrest warrant was issued on May 10, 2006 by a district court deputy clerk in Criminal No. 06-0158 (ADC) for the arrest of

CIVIL 08-2127 (JAG)                    2

that no one stepped in to stop the abuse.  (Docket No. 2, at 3, ¶ 17-18.)  They did not inquire whether she needed medical attention as the result of her abuse. (Docket No. 2, at 4, ¶ 19.)  Plaintiff alleges causes of action for aggression, assault, battery, false arrest, illegal imprisonment and illegal detention.  (Docket No. 2, at 4-5.)  A cause of action is also alleged for violation of the Puerto Rico Constitution. (Docket No. 2, at 5.)  There is also a cause of action for intentional infliction of emotional distress.  (Docket No. 2, at 6.)  On May 15, 2009, the United States filed a general denial of the factual allegations.  (Docket No. 15.)

This matter is before the court on a motion for partial summary judgment (limited to the issue of liability) filed by plaintiff on August 13,  2010.  (Docket No. 29.)  The defendant filed its reply in opposition to the motion for partial summary judgment on September 1, 2010.  (Docket No. 32.)  Plaintiff filed a reply to the response on September 13, 2010.  (Docket No. 35.)  On September 20, 2010, the defendant then filed a sur-reply to plaintiff's reply on Docket No. 36-1.  The matter was referred to a United States magistrate judge at random on December 17, 2010 for report and recommendation.  (Docket No. 41.)  The Clerk referred the motion for partial for summary judgment to me on the same day.

---

José L. Santana-Parrilla a/k/a/ "Wiwi".  The same reflects that José L. Santana Parrilla was arrested on the same day that the U.S. Marshal's office received the warrant, May 12, 2006.  (Civil 08-2127, Docket No. 32-5.)

CIVIL 08-2127 (JAG)                    3

(Docket No. 42.)  For the reasons set forth below, I recommend that plaintiff's motion for partial summary judgment be denied.

Plaintiff's memorandum in support of the motion for summary judgment clearly points out facts which sustain each cause of action.  The memorandum is couched in terms that proffer uncontroverted evidence that plaintiff's version of the facts is the accurate one.  (Docket No. 29-2, plaintiff's sworn statement under penalty of perjury executed August 12, 2010.)  The memorandum also discusses the elements of each relevant cause of action.[2]

The Federal Tort Claims Act requires that a plaintiff exhaust all administrative remedies before bringing a lawsuit in the district court.  McNeil v. United States, 508 U.S. 106, 112 n.7 (1993).  The claim must be filed within the appropriate agency within two years of the alleged injury, and any lawsuit must be filed within six months of the written denial of the claim.  28 U.S.C. §§ 2401(b) and 2675(a).  Plaintiff filed an administrative tort claim on January 23, 2008.  That claim was denied by the United States Marshal's Service on March 10, 2009.  This court has jurisdiction over the subject matter since this action is brought

---

[2]For example, "[t]he tort of intentional infliction of emotional [distress] exists when 'one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another.'"  Santiago-Ramírez v. Sec'y of Def., 62 F.3d 445, 448 (1st Cir. 1995) (quoting Restatement (Second) of Torts § 46 (1965)).  The conduct contemplated goes "beyond all possible bounds of decency."  Santiago-Ramírez v. Sec'y of Def., 62 F.3d at 448 (quoting Thorpe v. Mut. of Omaha Ins. Co., 984 F.2d 541, 545 (1st Cir. 1993)).

CIVIL 08-2127 (JAG)                    4

under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.  The applicable law is the law of the place where the tortuous act or omission subject of the claim occurred.  28 U.S.C. § 2672; see, e.g., Rodríguez v. United States, 54 F.3d 41, 44 (1st Cir. 1995).

Article 1802 of the Puerto Rico Civil Code compels a person or an entity, who by their own fault or whose acts or omissions negligently inflicted damages onto another, to repair such damages.  P.R. Laws Ann. tit. 31, § 5141. In order for one to be liable under article 1802, a plaintiff must show that 1) a damage was suffered, 2) that a person is culpable of committing an negligent act or omission, and 3) that there is a nexus between the damage done and the negligent act or omission committed.  See Toro Aponte v. E.L.A., 142 D.P.R. 464, 472-73 (1997); Montalbán v. Centro Com. Plaza Carolina, 132 D.P.R. 785, 795 (1993).  Article 1802 of the Puerto Rico Civil Code, which is codified in P.R. Laws Ann. tit. 31, § 5141, provides the general rule for liability in torts.  Section 5141 states that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." Although section 5141 does not define fault or negligence, the Puerto Rico Supreme Court has developed the limits of liability under article 1802 through caselaw.  See Mas v. United States, 984 F.2d 527, 528 (1st Cir. 1993).  It has been held that a person is liable under article 1802 if three basic elements concur:  (1) the presence of a physical

1
2

CIVIL 08-2127 (JAG)                    5

3
4

or emotional damage; (2) that the damage arose as a consequence of a negligent

5

or intentional act or omission of the defendant; and (3) that there is a causal

6

nexus between the damage suffered and said act or omission.  Cintrón-Adorno v.

7

Gómez, 147 D.P.R. 576, 598-99 (1999).

8

Summary Judgment Standard

9
10

Summary judgment is appropriate when "the pleadings, the discovery and

11

disclosure materials on file, and any affidavits show that there is no genuine issue

12

as to any material fact and that the movant is entitled to judgment as a matter

13

of law." Fed. R. Civ. P. 56(a)[3]; Meléndez v. Autogermana, Inc., 622 F.3d 46, 49

14

(1st Cir. 2010).  The intention of summary judgment is to "pierce the pleadings

15
16

and to assess the proof in order to see whether there is a genuine need for trial."

17

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)

18
19

(quoting Fed. R. Civ. P. 56(e)).  "Once the moving party has properly supported

20

[its] motion for summary judgment, the burden shifts to the nonmoving party,

21

with respect to each issue on which [it] has the burden of proof, to demonstrate

22

that a trier of fact reasonably could find in [its] favor."  Santiago-Ramos v.

23

Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (quoting

24

25

_____

26

    [3]"Rule 56 was amended, effective December 1, 2010.  The standard for
granting summary judgment now appears in subsection (a), but remains

27

substantively the same." Del Toro Pacheco v. Pereira, --- F.3d ----, 2011 WL
347131, at *3 n.6 (1st Cir. Jan. 31, 2011) (citing Fed. R. Civ. P. 56 advisory

28

committee's note).

CIVIL 08-2127 (JAG)                    6

DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997)); Cruz-Claudio v. García

Trucking Serv., Inc., 639 F. Supp. 2d 198, 203 (D.P.R. 2009.)

    "[T]he mere existence of *some* alleged factual dispute between the parties

will not defeat an otherwise properly supported motion for summary judgment;

the requirement is that there be no *genuine* issue of *material* fact."  Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); see also Carrol v. Xerox Corp.,

294 F.3d 231, 236-37 (1st Cir. 2002) (quoting J. Geils Band Employee Benefit

Plan v. Smith Barney Shearson, Inc., 76 F.3d 1245, 1251 (1st Cir. 1996))

("'[N]either conclusory allegations [nor] improbable inferences' are sufficient to

defeat summary judgment.")

> An issue is "genuine" if the evidence of record permits a
> rationale factfinder to resolve it in favor of either party.
> See Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896
> F.2d 5, 8 (1st Cir. 1990).   A fact is "material" if its
> existence or nonexistence has the potential to change the
> outcome of the suit.  See Martínez v. Colón, 54 F.3d 980,
> 984 (1st Cir. 1995).

Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4-5 (1st Cir. 2010).

    The nonmoving party must produce "specific facts showing that there is a

genuine issue for trial."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

U.S. at 587 (quoting Fed. R. Civ. P. 56(e)); see also López-Carrasquillo v.

Rubianes, 230 F.3d 409, 413 (1st Cir. 2000); Amira-Jabbar v. Travel Servs., Inc.,

726 F. Supp. 2d 77, 84 (D.P.R. 2010).

CIVIL 08-2127 (JAG)                    7

In this case, the versions of what occurred on the evening of May 12, 2006 are completely at loggerheads.  Plaintiff's allegations relate a story of almost hour-long abuse and torture at the hands of Philistines and barbarians which resulted in her losing consciousness and falling to the floor, while the version of the facts related by the defendant envisions a routine search, arrest warrant in hand, a protective sweep of a home housing the fugitive, and the completion of the arrest mission within ten minutes.  The version of the defense may be summarized thus: a woman who identified herself as the mother of the fugitive voluntarily opened the garage door and directed the agents to the bedroom where the fugitive was located.  The agents informed the woman that there was an arrest warrant as to the fugitive.  The woman was never restrained and never detained.  She remained in the living room with other law enforcement officers.  A comparison of the report of investigation of deputy United States Marshal Roberto Vizcarrondo with the testimony of plaintiff invokes the apples to oranges analysis.   Plaintiff has complied with the requirements of Rule 56, as has the defense.[4]   The report of

---

[4](c)Procedures.

(1) *Supporting Factual Positions*.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

CIVIL 08-2127 (JAG)                          8

investigation notes the following:  "On [5/12/2006] at on or about 5:55 A.M.

reporting DUSM responded to the location were ATF agents identified as the main

residence of SANTANA-PARRILLA.  PRFTF Agents Martínez and DUSM Torres

knocked and announced the presence of Police and SANTANA's mother came to

the door and was advised that an arrest warrant had been issued against her son

SANTANA-PARRILLA.  SANTANA's mother identified his room and SANTANA-

PARRILLA was arrested without incident." (Docket No. 45-1.)  The versions are

completely incompatible although plaintiff believes that her version cannot be

contested.  The report of investigation signed by Vizacarrondo on May 31, and

approved on  June 5, 2006, less than a month after the incident, is hearsay but

would comply with the requirements of Federal Rule of Civil Procedure

801(d)(1)B) as long as the statement antedated any alleged motive of fabrication.

See, e.g., United States v. Lozada-Rivera, 177 F.3d 98, 102-04 (1st Cir. 1999).

The direct testimony of the law enforcement officer would be admissible and, if

cross-examined on the statement, the officer would be able to present the report

of investigation to defend against any allegation of recent fabrication.  Certainly,

notwithstanding the government's argument, the version of one credible witness

_____

> (B) showing that the materials cited do not establish the absence or
> presence of a genuine dispute, or that an adverse party cannot
> produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A)(B).

CIVIL 08-2127 (JAG)                                    9

is sufficient to prevail on a cause of action.  There is no requirement that two witnesses are required to sustain an element of a cause of action, or a proposition, and while the United States may protest the eleventh hour announcement by the plaintiff of an eye witness neighbor[5], the statement of the neighbor is not being considered, indeed, needs not be considered, in reaching the conclusion that I reach.

It is mete to point out that identifying genuine issues of material fact, and not weighing them, is the correct application of Rule 56.  The court "may not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence." González-Pérez v. Toledo-Dávila, 709 F. Supp. 2d 125, 127 (D.P.R. 2010) (quoting Katz v. City Metal Co., 87 F.3d 26, 28 (1st Cir. 1996) (quoting Richmond Steel, Inc. v. P.R. Am. Ins. Co., 954 F.2d 19, 22 (1st Cir. 1992)).  If there is no genuine issue of material fact, the court must independently determine whether the moving party is entitled to judgment as a matter of law.  If the movant's statement of uncontroverted facts is properly controverted, it is not for the court to choose which version of the truth to believe.  Rather, a triable issue having been identified, the court must defer to the trial process guaranteed by the Seventh Amendment.

---

[5]Plaintiff presents the statement of Dianelba Jiminian Aracena dated September 9, 2010.  The defense notes that this person was first mentioned on April 12, 2010 and was not listed as a witness.  The defense also raises the possibility of impersonation.

CIVIL 08-2127 (JAG)                          10

In view of the above, I recommend that the motion for partial summary judgment be denied.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 15th day of March, 2011.

S/ JUSTO ARENAS
Chief United States Magistrate Judge