**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

MAGDLENA S. MALDONADO,

**Plaintiff**

**v.**

LUIS MALAVE-TRINIDAD, et al.,

**Defendant(s)**

**Civil No.** 08-2127 (JAG)

**OPINION AND ORDER**

Before the Court are Plaintiff Magdalena S. Maldonado's Objections to the Magistrate Judge's Report and Recommendation. (Docket No. 48). Plaintiff objects to the Magistrate Judge's recommendation to deny partial summary judgment. For the reasons set forth, the Court adopts the Magistrate Judge's Report and Recommendation and denies Defendant's Motion for Partial Summary Judgment.

**FACTUAL BACKGROUND**

Plaintiff Magdalena S. Maldonado (hereinafter "Maldonado") brought suit against the U.S. under the Federal Tort Claims Act. 28 U.S.C. §§ 2671-2680. Maldonado asserts damages caused by several federal agents who allegedly entered her home without a warrant in the early morning hours of May 12, 2006, in search of a criminal suspect. According to Plaintiff, after banging on her door several times, the agents entered her home, threw her

against a wall, struck her and threatened her for about an hour. Throughout the ordeal, the agents repeatedly and in a threatening manner questioned Maldonado on the whereabouts of the suspect. The agents subsequently left Maldonado's home, without conducting any arrests.

After a few procedural developments, Maldonado filed a Motion for Partial Summary Judgment arguing that no genuine issue of material fact existed as to the issue of Defendant's liability. (Docket No. 29). Defendant filed a response, detailing an entirely different version of the events of the morning of May 12. (Docket No. 32). Defendant alleges that federal agents were let into the home of a suspect by the name of Santana, by Santana's mother, who opened the door for the agents and led them to Santana's room. The agents uneventfully arrested Santana and left the home.

This Court referred Plaintiff's motion to Magistrate Judge Justo Arenas for a report and recommendation. Not surprisingly, Magistrate Judge Arenas found there were irreconcilable versions of the facts and recommended that partial summary judgment be denied. (Docket No. 47).

**STANDARD OF REVIEW**

<u>Review of Magistrate Judge's Report and Recommendation</u>

Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Rule 503, a district court may refer dispositive motions to a United States magistrate judge for a report and recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the [m]agistrate [j]udge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States v. Mercado Pagan, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (citing 28 U.S.C. § 636(b)(1)). If objections are timely filed, the district judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." Rivera-De-Leon v. Maxon Eng'g Servs., 283 F. Supp. 2d 550, 555 (D.P.R. 2003). A district court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Alamo Rodriguez, 286 F. Supp. 2d at 146 (citing Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). However, if the affected party fails to timely file objections, the district court can assume that it has agreed to the magistrate judge's recommendation. Id.

Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)3; Meléndez v. Autogermana, Inc., 622 F.3d 46, 49 (1st Cir. 2010). The intention of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(quoting Fed. R. Civ. P. 56(e)). "Once the moving party has properly supported [its] motion for summary judgment, the burden shifts to the nonmoving party, with respect to each issue on which [it] has the burden of proof, to demonstrate that a trier of fact reasonably could find in [its] favor." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (quoting DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997)); Cruz-Claudio v. García Trucking Serv., Inc., 639 F. Supp. 2d 198, 203 (D.P.R. 2009.)

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); see also Carrol v.

Xerox Corp., 294 F.3d 231, 236-37 (1st Cir. 2002) (quoting J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc., 76 F.3d 1245, 1251 (1st Cir. 1996))("'[N]either conclusory allegations [nor] improbable inferences' are sufficient to defeat summary judgment.")

> An issue is "genuine" if the evidence of record permits a rational factfinder to resolve it in favor of either party. See Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). A fact is "material" if its existence or nonexistence has the potential to change the outcome of the suit. See Martínez v. Colón, 54 F.3d 980, 984 (1st Cir. 1995).

Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4-5 (1st Cir. 2010).

The nonmoving party must produce "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)); see also López-Carrasquillo v. Rubianes, 230 F.3d 409, 413 (1st Cir. 2000); Amira-Jabbar v. Travel Servs., Inc., 726 F. Supp. 2d 77, 84 (D.P.R. 2010).

**DISCUSSION**

Plaintiff objects that Defendant did not meet the burden of disputing her well supported allegations. Matsushita, 475 U.S. at 587. The evidentiary anchor of Defendants' version of the facts is a statement by one Agent Vizcarrondo, who was present

on the morning of May 12, wherein he describes the uneventful arrest of Santana on or about 5:55AM at Santana's place of abode. (Docket No. 45). This statement, according to Plaintiff, does not contradict her contention that around the same time, or at least moments before entering Santana's home, the agents erupted into her apartment and subjected her to threats and violence.

The Court remains unpersuaded that the Magistrate Judge erred. The alleged difference in time between the events is too small to allow one to conclude, with any degree of certainty, that the events occurred successively and not simultaneously. Both parties sustained their conflicting versions of the facts with evidence.

Furthermore, the record demonstrates Plaintiff's own inability to state the duration, or the time of the events with relative certainty. In the complaint, Maldonado states that the events began late at night on May 12, 2006 at an unspecified time, and lasted for about an hour. (Docket No. 2). In her motion for partial summary judgment and accompanying sworn statement, Plaintiff also does not specify the time in which the events occurred. (Docket No. 29). Only after encountering Defendant's opposition to summary judgment, wherein Agent Vizcarrondo's states that the events occurred on or about

5:55AM, is that Plaintiff proffers a sworn statement by Mrs. Jiminian, her neighbor, that she witnessed agents entering Maldonado's home at approximately 5:30AM. (Docket No. 35). The difference in time of "approximately" twenty five minutes (from 5:30-5:55AM) for the commencement of the events of May 12, and the uncertainty of the duration of the events, that may have lasted anywhere from a few minutes up to an hour, is enough for the court to conclude that the issue of what events occurred at what time, is for a jury to decide. Plaintiff's Motion for Partial Summary Judgment is denied.

**CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment is **DENIED.**

IT IS SO ORDERED.

In San Juan, Puerto Rico this 18th day of July, 2011.

S/Jay A. García-Gregory
JAY A. GARCIA-GREGORY
United States District Judge